UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARBARA BAILEY, et al.,
Plaintiffs,

v.

SHELLPOINT MORTGAGE SERVICING, et al.,
Defendants.

Case No. 26-cv-06084-JST

**ORDER TO DEFENDANT TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

Plaintiffs Barbara Bailey and Lesia Barnes filed this action against Defendants alleging causes of action for negligence, wrongful foreclosure, breach of the implied covenant of good faith and fair dealing, and violations of California's Homeowner Bill of Rights as well as California's Unfair Competition Law. ECF No. 1-1 ¶¶ 37–99. Plaintiffs initially filed the complaint in Alameda County Superior Court, and Defendants removed it based on federal question jurisdiction. ECF No. 1 ¶¶ 1, 8–9. The Court now orders Defendants to show cause why this action should not be remanded to Alameda County Superior Court for lack of jurisdiction.

Federal courts are courts of "limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

Federal courts have diversity jurisdiction over civil actions where each plaintiff is a citizen of a different state than each defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The complaint alleges that Plaintiffs are citizens of California, indicating that the Court

United States District Court
Northern District of California

lacks diversity jurisdiction. ECF No. 1-1 ¶ 1.

Federal courts have federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In determining federal question jurisdiction, the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hunter*, 582 F.3d at 1041 (citation modified). The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Moreover, "the mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012).

Here, the complaint raises exclusively state law claims. Plaintiffs' mere citation to 15 U.S.C. § 1640(a) in their prayer for relief does not raise a federal question. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.") (per curiam). The complaint alleges noncompliance with a federal regulation, 12 C.F.R. § 1204.38, as a basis for Plaintiffs' negligence and UCL claims. However, Plaintiffs raise multiple alternative and independent theories in support of their negligence and UCL claims, including noncompliance with state law. Furthermore, "California district courts have held that mere references to federal law in UCL claims do not convert the claim into a federal cause of action." *Nevada*, 672 F.3d at 675 (quoting *Guerra v. Carrington Mortg. Servs. LLC*, 2010 WL 2630278, at *2 (C.D. Cal. June 29, 2010)).

Accordingly, Defendants are ordered to show cause in writing as to why this action should not be remanded to state court for lack of subject matter jurisdiction within 15 days from the filing

date of this order.

**IT IS SO ORDERED.**

Dated: November 9, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California